### In re MUNDLE.

(District Court, S. D. New York. March 20, 1905.)

BANKRUPTCY—ADVERSE CLAIM TO PROPERTY—PROCEDURE.

Where property in possession of a bankrupt, which passed into the hands of his receiver, is claimed by a third person, who alleges title by virtue of a bill of sale, and that the bankrupt was in possession as his agent, both of which allegations are denied by the receiver, the court will not determine such issues of fact summarily on affidavits, but will retain the property in the hands of its receiver until the claimant has established his right in a plenary suit.

In Bankruptcy. On order to show cause.

Clark & Taylor, for the motion.
Lesser Brothers, opposed.

ADAMS, District Judge. This is the return of an order to show cause why an order, heretofore granted in this matter, restraining G. W. Martin & Brother and their agent etc., from in any way taking possession of certain property contained in two stores in the borough of Manhattan, should not be modified, and why the receiver heretofore appointed to take possession of the bankrupt's property should not be required to turn over to the said Martin & Brother the property covered by an alleged bill of sale.

It is alleged by the moving parties that the bill of sale is a bona fide instrument, executed upon a proper consideration, and that the bankrupt was only in possession as their agent. On the other hand it is said that the bill of sale was signed because the bankrupt did not examine it carefully, and that it was intended thereby to prefer the said Martin & Brother over his other creditors. Further, it is denied that the bankrupt was in possession as Martin & Brother's agent.

There is a conflict of fact, which cannot be determined upon affidavits, and it is evident that a plenary action is necessary to reach the proper result. Under the circumstances I do not think it would be proper to turn the property over to the claimants at this time, but that their remedy is to bring such action against the receiver, or the trustee when appointed. In view of the fact that the bankrupt was in possession of the property, and the only claim of the moving parties is, that he was so as their agent, it seems to me that it is incumbent upon them to prove their claim, and that the property in the meantime, or the proceeds thereof, should remain in the possession of the representative of the court.

The motion is denied.